IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 01-344

_____

ROBIN STREET, )

)

Plaintiff/Respondent, )

)

v. ) O R D E R

)

BENNY F. ZABLOTNEY and, )

CLIFTON ZABLOTNEY )

)

Defendants/Appellants. )

_____

Respondent Robin Street, citing our decision in *Dobrocke v. City of Columbia Falls,* 2000 MT 179, 300 Mont. 348, 8 P.3d 71, moves to dismiss this appeal on the basis that the notice of appeal fails to state whether the action is subject to mediation as required by Rule 4(c) and Rule 54, M.R.App.P. The appellants, Brian F. and Clifton Zablotney, contend that, although admittedly the notice does not comply with Rules 4(c) and 54, M.R.

App.P., this Court should not dismiss the notice of appeal because, as in *Dobrocke,* dismissal would be too harsh a remedy.

The notice of appeal in this matter was filed on April 3, 2001. The clerk of the district court did not notify the appellants that said notice failed to comply with the requirements of Rules 4(c) and 54, M.R.App.P. and did not direct the appellants to file an amended notice. Rule 4(c)(1), M.R.App.P. The appellants represent that they have expended the sum of $1,111.50 for preparation of a transcript. On June 20, 2001, the parties filed a joint stipulation in this Court requesting that the briefing schedule be vacated so that the parties could complete mediation. Pursuant to the stipulation we ordered the parties to complete mediation on or before July 27, 2000. Based on this history we agree with appellants that dismissal of this appeal would be too harsh a remedy. Therefore,

IT IS HEREBY ORDERED that Street's Motion to Dismiss is denied.

The Clerk of Court is directed to mail a true and correct copy of this order to all parties of record.

DATED this 31ST day of July, 2001.


/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ JIM RICE


Chief Justice Karla M. Gray specially concurring:

I join the Court in denying Street's motion to dismiss, but I would do so on other grounds.

We gave clear and unequivocal notice to litigants last year in *Dobrocke* that failure to comply with the mediation requirements in Rule 54, M.R.App.P., would subject an appeal

to dismissal. Here, the notice of appeal was filed on April 3, 2001. As appellants concede, that notice did not comply with Rules 4(c) and 54, M.R.App.P.

Street, however, did not object or move to dismiss. Indeed, more than 2½ months later, the parties stipulated to extend the deadlines for filing briefs so they could complete mediation. By order dated June 28, 2001, we set a completion date for mediation and ordered that the times set forth in the M.R.App.P. for briefing would run from that date.

Two days after the June 20 stipulation was filed, Street moved to dismiss the appeal on the basis that the notice of appeal was not in compliance with Rules 4(c) and 54, M.R. App.P. That motion was held for response by the Clerk's office, as is the usual practice. As a result, we acted on the parties' stipulation on June 28, unaware of the motion to dismiss.

I would deny Street's motion to dismiss based on the June 20 stipulation. It would be totally unjust to allow Street to stipulate to extend times for the completion of mediation and later successfully move to dismiss the appeal based on an erroneous notice of appeal filed 2½ months prior to the stipulation. In my view, Street essentially waived the right to challenge the notice by stipulating to complete mediation.

For that reason, I join the Court in denying Street's motion to dismiss.


/S/ KARLA M. GRAY



Justice James C. Nelson concurs:



I authored *Dobrocke v. City of Columbia Falls*, 2000 MT 179, 300 Mont. 348, 8 P.3d 71. While I wrote Issue 1 as a majority of the panel directed, I was not in favor of that resolution of the Issue. I still am not. What I feared then is now coning to fruition-i.e. a reluctance to dismiss appeals on the basis of our decision because dismissal is "too harsh a remedy."

Indeed, as dismissal motions based on *Dobrocke* are filed in future cases, I suspect that we will be more inclined to deny such motions than we will be to grant them. The result will be-as here-a precedent that stands for nothing; a rule that is subsumed by the exceptions. Rules that are not enforced are worthless and should be repealed.

At present *Dobrocke* is the law of this State. It is not a particularly good law. At such point as there are three other votes to overrule the rule expressed in Issue 1 in *Dobrocke*, stand ready to join those justices in doing so.

/S/ JAMES C. NELSON

Justice Terry N. Trieweiler concurs:

In response to Justice Nelson's concurring opinion, I would like to offer the first of the additional three votes necessary to overrule issue one in *Dobrocke*.

/S/ TERRY N. TRIEWEILER